**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

```
DAVID RANDALL POYNER #139329      *
                                  *
      Petitioner,                 *
                                  *
vs.                               *  CIVIL ACTION NO.:15-00264-CG-B
                                  *
WILLIE THOMAS,                    *
                                  *
      Respondent.                 *
```

**REPORT AND RECOMMENDATION**

David Randall Poyner, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1).  The Respondent has raised a number of defenses to Poyner's petition, including that the petition is barred by the applicable statute of limitations.(Doc. 7).  In response, Poyner filed a motion to dismiss his petition without prejudice (Doc. 10). Before a ruling on his motion to dismiss, Poyner filed a motion seeking to withdraw his motion to dismiss (Doc. 12).  In the motion to withdraw, Poyner asserts that his motion to dismiss was filed by mistake.(Id.).  Upon consideration, Poyner's request to withdraw his motion to dismiss is **granted.**

The Court now turns its attention to Poyner's petition, which has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §

636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R) and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. <u>Kelley v. Sec'y for the Dep't of Corr.</u>, 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that Poyner's petition be **dismissed with prejudice** because it is time-barred.

## <u>FINDINGS OF FACT</u>

On July 12, 2012, Poyner pled guilty to second-degree domestic violence (second-degree assault) in the Circuit Court of Baldwin County, Alabama. (Doc. 7-9 at 1). He was sentenced to twenty years imprisonment. (<u>Id.</u>) He appealed his conviction and sentence, but later filed a motion to dismiss the appeal, which was granted by the Circuit Court on October 15, 2012. (<u>Id.</u> at 1-2) The certificate of judgment was issued on October 16, 2012. (<u>Id.</u> at 2).

On February 3, 2014, Poyner filed a Rule 32 petition with the trial court. (<u>Id.</u>). He asserted a number of grounds for relief. (<u>Id.</u>) The Government filed a response in opposition and argued that Poyner's petition should be summarily dismissed because his claims were insufficiently pled, without merit, successive, precluded under Rule 32 of the Alabama Rules of Criminal Procedure, and time-barred. (<u>Id.</u>). On April 29, 2014,

Poyner sought to amend his Rule 32 petition, and add new claims. (Id.). The trial court summarily dismissed Poyner's Rule 32 petition, and Poyner appealed. (Id. at 3). On January 30, 2015, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of Poyner's Rule 32 petition. (Doc. 11-9). Poyner's Application for Rehearing was overruled on February 13, 2015. (Doc. 11-10). Poyner then filed a writ of certiorari with the Alabama Supreme Court. It was denied on April 17, 2015. (Doc. 11-12). A certificate of final judgment was issued the same day. (Id.).

Poyner filed the instant § 2254 petition on May 13, 2015[1]. (Doc. 1). He attacks his 2012 guilty plea conviction and sentence on the following grounds: (1) that his constitutional rights were violated because he was convicted of a class C domestic violence felony that does not exist, and 2) that his constitutional rights were violated because the "hands" cannot constitute a "deadly weapon" for purposes of domestic violence in the second degree. (Docs. 1. at 6-7, 1-1 at 5). Respondent argues that Poyner's petition should be dismissed as untimely. (Doc. 11 at 7). Although Poyner's requested and was granted an

---

[1]Pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. Houston v. Lack, 487 U.S. 266, 271-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F. 3d 1339, 1340-41 (11th Cir. 1999).

3

opportunity to respond to Respondent's response, he failed to do so. (Docs. 8, 9).

Upon consideration, the undersigned recommends, for the reasons set forth herein, that Poyner's petition be dismissed because it is barred by the one-year statute of limitations.

## ANALYSIS

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."  The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

As noted above, the AEDPA imposes a one-year limitations period on § 2254 actions and includes one of several commencement dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). In this case, the Alabama Court of Criminal Appeals issued a Certificate of Judgment following Poyner's Motion to Dismiss his appeal on October 15, 2012[2]. (Doc. 11). Accordingly,

---

[2] In general, a judgment becomes final at the expiration of the ninety-day period in which to seek certiorari review from the Supreme Court of the United States. See Nix v. Sec'y for Dept. of Corr., 393 F.3d 1235, 1236 (11th Cir. 2004). Before seeking certiorari review from the Supreme Court, a petitioner must seek review from the state's highest court of review. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). Poyner did not complete his

the statute of limitations for Poyner to file a federal habeas petition began running on this date, and in the absence of a tolling event, expired one year later, on October 15, 2013. Thus, unless Poyner can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Although Poyner filed a Rule 32 petition with the state court, it was not pending during the running of the AEDPA limitation period. The law is clear that "even 'properly filed' state court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir.

---

direct appeal, but opted instead to voluntarily dismiss it. Therefore, he is not entitled to the ninety-day period in computing the commencement of the running of his statute of limitations, and his judgment became final on October 15, 2012.

2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted).  Because the AEDPA limitations period had already expired by the time Poyner filed his Rule 32 petition in 2014, it had no tolling effect.  Thus, Poyner's federal habeas petition, which was filed over a year and a half after the October 15, 2013 deadline, was untimely.

Before recommending dismissal of Poyner's habeas petition as untimely, the undersigned must determine whether Poyner has pled extraordinary circumstances that require a contrary conclusion. Thus, unless Poyner can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

> The Eleventh Circuit has stated that:
>
>> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy, which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).
>
> Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also Holland v. Florida, 560 U.S. 631, 645 130 S. Ct. 2549, 2560, 177 L.Ed.2d 130, 143 (2010) (" §2244(d) is subject to equitable

tolling in appropriate cases[,] . . . We have previously made clear that a 'petitioner' is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."); Diaz v. Sec'y for the Dept. of Corr., 362 F.3d 698 (11th Cir. 2004); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair . . . [g]enerally, this will occur when the petitioner has in some extraordinary way...been prevented from asserting his or her rights . . . [t]he petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims . . . [m]ere excusable neglect is not sufficient"). Moreover, in the Eleventh Circuit, as a general rule, "the "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S. Ct. 1965 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Poyner has failed to establish a basis for equitable tolling of the statutory limitations period. In his

brief in support of his habeas petition Poyner argues that Rule 32.2(c) of the Alabama Rules of Criminal Procedure allows petitioners to raise jurisdictional issues outside of the one year limitations period provided under Rule 32 of the Alabama Rules of Criminal Procedure, and that a fundamental miscarriage of justice will result if he is not permitted to proceed with his petition because he was convicted of a crime that does not exist. (Doc. 1-1 at 10).

As noted, equitable tolling focuses not on the circumstances surrounding the conviction but on the circumstances surrounding the late filing. Here, Poyner has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Poyner has also failed to offer any evidence that suggests that he is innocent, only arguing that he was indicted for the wrong crime under Alabama law. Because Poyner has presented no basis for equitable tolling, his petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent. It is so recommended.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further").

In the instant action, Poyner's petition is clearly time barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300. He has also failed to

make a sufficient showing of 'actual innocence' of the charge for which he was convicted. Schlup, 513 U.S. at 327. Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Poyner should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Poyner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

<b><u>CONCLUSION</u></b>

For the reasons set forth above, the undersigned recommends that the Court **dismiss** Poyner's petition as time-barred, and find that he is not entitled to a Certificate of Appealability, and that he is not entitled to proceed *in forma pauperis* [3] on appeal.

<b><u>Notice of Right to File Objections</u></b>

---

[3] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11ᵗʰ Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **23rd** day of **February, 2015.**

_____/s/ SONJA F. BIVINS_____
UNITED STATES MAGISTRATE JUDGE